# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE HUMBER, JR., :
:
    Petitioner, :
:
v. : No.: 4:15-CV-1459
:
PENNSYLVANIA BOARD OF : (Judge Brann)
PROBATION AND PAROLE, :
:
    Respondent. :

## MEMORANDUM OPINION

### NOVEMBER 20, 2017

**I.    BACKGROUND**

George Humber, Jr. filed this counseled habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is the Pennsylvania Board of Probation and Parole (Parole Board). Service of the petition was previously ordered.

Petitioner entered a guilty plea on September 10, 2010 to two counts of statutory sexual assault in the Court of Common Pleas of Susquehanna County, Pennsylvania.[1] On October 21, 2010, Humber was sentenced to a six (6) to twenty-three (23) month term of imprisonment followed by a period of probation.

---

[1] The plea was the result of a negotiated agreement regarding two separate criminal cases which was reached on the second day of a jury trial regarding one of the charges. Respondent indicates that the guilty plea was entered on September 14, 2010.

-1-

Petitioner did not file a direct appeal. However, Humber collaterally challenged the legality of his plea via a November 17, 2011 action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2] *See* Doc. 1, ¶ 11. The PCRA petition is described as alleging that Petitioner's guilty plea was not voluntary due to coercion by his attorney who threatened to withdraw as counsel if Petitioner did not plead guilty. The trial court denied PCRA relief on July 24, 2012 without conducting an evidentiary hearing. The Superior Court of Pennsylvania affirmed the denial of PCRA relief on March 18, 2014. *See Commonwealth v. Humber*, 100 A.3d 311 (Pa. Super. 2014)(Table). A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on November 5, 2014. *See Commonwealth v. Humber*, 105 A.2d 735 (Pa. 2014)(Table).

Humber claims entitlement to federal habeas corpus relief on the grounds that his attorney repeatedly pressured him into entering a guilty plea. *See* Doc. 1, ¶ 12. Relying on *Heiser v. Ryan*, 951 F.2d 559 (3d Cir. 1991), Humber claims this is one of those cases where despite the undertaking of an appropriate plea colloquy, collateral relief remains available due to the alleged coercion of defense counsel. *See* Doc. 7, p. 2. As noted, Petitioner elaborates that on the second day of his trial

---

[2] *See* 42 Pa. Cons. Stat. Ann. § 9541 *et seq.* The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

on one of the charges, his attorney threatened to withdraw as defense counsel unless Humber agreed to enter a guilty plea. With respect to the issue of timeliness, Petitioner states that after being released from prison, he discovered that at the time he entered his plea his trial counsel was in possession of a report from the New Jersey Division of Youth and Family Services which allegedly contained exculpatory evidence. *See id.* at ¶ 18. Humber indicates that had he been timely provided with the report he would not have entered a guilty plea.

According to the Respondent, Petitioner was charged in two separate cases with allegations of sexual abuse of two juvenile females. One of the cases proceeded to a jury trial. On the second day of trial, the parties negotiated a plea which resolved both cases against Humber. During a resulting plea proceeding, the trial court conducted an extensive oral colloquy to ensure that Humber's plea was knowing, voluntary, and intelligent.

The Respondent additionally notes that during a subsequent parole hearing, Humber, now represented by different counsel, again admitted to the sexual abuse of two juvenile female victims. Respondent concludes that since Petitioner's plea was knowing, voluntary and intelligent there is no basis for habeas corpus relief.

## II.   DISCUSSION

### A.   Standard of Review

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[3] *See generally, Knowles v. Mirzayance*, U.S. 111, 114 (2009); *Gattis v. Snyder*, 278 F.3d 222, 234 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court of the United States has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.

---

[3]   Title 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

*Williams v. Taylor*, 529 U.S. 362, 404-405 (2000). As explained in *Bell*, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In sum, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth by the United States Supreme Court, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. *See Keller v. Larkins*, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court

precedent); *Martini v. Hendricks*, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. *See* 28 U.S.C. § 2254(e)(1).

A habeas petitioner "faces a heavy burden in challenging the voluntary nature of his guilty plea." *Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir. 1991). A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea based on unfulfilled promises or representations "must advance specific and credible allegations." *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994).

Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea. The United States Court of Appeals for the Third Circuit has stated that the only consequences considered direct are the maximum prison term and fine for the offense charged. *Parry v. Rosemeyer*, 64 F.3d 110, 113-14 (3d Cir. 1995). There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable. *Belle v. Varner*, 2001 WL 1021135 *10 (E.D. Pa. 2001).

In *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*. at 687; *accord Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994). In *Deputy*, the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. *Id*. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Jermyn*, 266 F.3d at 282; *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, *Strickland*, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." *United States v. Wiener*, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. *See Burger v. Kemp*, 483 U.S. 776, 794 (1987). It follows then that counsel cannot be deemed ineffective for pursuing a meritless claim.

*Hartey v. Vaughn*, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." *Bell*, 535 U.S. at 695 (internal quotations and citation omitted).[4] At the time of Petitioner's state court proceedings, *Strickland*'s familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the *Strickland* test. *See, e.g., Commonwealth v. Pierce*, 527 A.2d 973, 975-77 (Pa. 1987). The Third Circuit has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*. *Jacobs v. Horn*, 395

---

[4] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. *See Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006).

F.3d 92, 107 n.9 (3d Cir. 2005); *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the United States Supreme Court for the adjudication of ineffective assistance claims**.**

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claim is whether the Pennsylvania state courts' decisions involved an unreasonable application of *Strickland* or were based on an unreasonable determination of the facts. *Jacobs*, 395 F.3d at 107 n.9; *Werts*, 228 F.3d at 204.

### B. Guilty Plea

With respect to the New Jersey State records referenced by the Petitioner, there is no explanation offered by Humber detailing why that report was exculpatory. Moreover, in denying PCRA relief, the trial court noted that the New Jersey reports were employed by defense counsel at trial and prior to the entering of the plea agreement during the cross examination of a Commonwealth witness. *See* Doc. 3-1, pp. 79-80.

The PCRA decision clearly undermines any claim by Petitioner that he was not aware of the existence of the records or that those documents constitute new evidence. Furthermore, the undisputed record shows that the only value of the New Jersey documents was for impeachment purposes of a Commonwealth

witness as such; they would not establish that Petitioner was innocent of the charged crimes.

As previously noted, Petitioner claims that he was coerced into entering a guilty plea. In *Heiser*, the Third Circuit addressed a claim by a Pennsylvania state prisoner that trial counsel had coerced him into entering a guilty by threatening to withdraw from the case unless he agreed to plead guilty. The Third Circuit concluded that Heiser was entitled to an evidentiary hearing to determine whether the guilty plea was rendered involuntary it was entered as a result of defense counsel's threat to withdraw.

In reaching that determination, the Third Circuit noted that no state court evidentiary hearing was ever held on Heiser's claim (exhaustion of state remedies was excused on the basis of inordinate delay). Moreover, there had never been a state court resolution of the issue. As a result, our Court of Appeals stated that because Heiser's claims were neither developed nor resolved by the state courts, an evidentiary hearing in federal court was required.

By way of distinction, this is not a case where there was an excessive and indefensible delay by the state courts in ruling on a motion to withdraw a guilty plea. Here, Petitioner did not challenge the legality of his September 10, 2010 guilty plea until after he was already been granted parole. While it arguably may have been more prudent for the PCRA court to hold an evidentiary hearing, both

the trial court and Superior Court addressed Humber's claim on the merits and in a timely fashion.  As a result, unlike *Heiser* this is not a case where there was no prior state court resolution of the applicant's argument.  This is also not a situation where defense counsel made no effort to prepare and undertake a criminal defense, as the plea agreement in Humber's case was not reached until two days after commencement of a jury trial in one of the underlying criminal cases.

In *Layne v. Moore*, 90 Fed. Appx. 418 (3d Cir. 2004), the Third Circuit addressed a similar claim of alleged coercion by defense counsel and found that there was no basis for federal habeas corpus relief because the claim of a coerced guilty plea had not been asserted in a timely fashion and there had been a knowing and voluntary guilty plea.  The petitioner in *Layne*, as in the present case, made multiple admissions of guilt and there had been state court disposition of his argument.

Humber neither filed a motion to withdraw his guilty plea nor pursued a direct appeal.  Moreover, the trial court conducted a parole hearing on June 28, 2011 at which time Humber was represented by different counsel.  *See* Doc. 3-1, Exhibit 6.  During that proceeding, Petitioner testified that he was standing by the guilty plea he previously entered.  *See id.* at pp. 47-48.[5]

---

[5] Humber was granted parole on August 23, 2011.

On November 17, 2011, almost three months following his release from prison, Petitioner filed a PCRA action which raised for the first time the claim presently pending before this Court. While it is undisputed that the trial court did not conduct a PCRA evidentiary hearing, it did so only after the Petitioner was provided with PCRA representation who determined that Humber's claim lacked merit. *See* Doc. 3-1, p. 73.

Furthermore, the trial court issued a well reasoned opinion addressing and dismissing for lack of merit the Petitioner's argument. Humber was also granted an opportunity to respond to the findings of the trial court before the dismissal of his PCRA action. Following an appeal, the Superior Court affirmed the denial of PCRA relief noting that there was no right to an evidentiary hearing in a PCRA proceeding and that there had been no evidence presented which could support a finding of coercion by defense counsel.

As was the case in *Layne*, the Petitioner has not presented any specific evidence showing that his trial counsel coerced him into entering a guilty plea. Moreover, given the lenient sentence obtained via the plea agreement, there is no basis for a determination that counsel's performance was deficient. The trial court conducted an extensive oral colloquy to ensure that Humber's plea was voluntary. Thereafter, Petitioner again acknowledged his guilt while represented by different counsel during a parole hearing.

## III. CONCLUSION

There is nothing in the record, in this matter to establish that the plea was not constitutionally acceptable. *See Brown v. Folino*, 2008 WL 682477 * 10 (M.D. Pa. March 7, 2008)(Conner, J.). Unlike *Heiser*, there was a prior state court resolution of the Petitioner's argument. Under an application of the standards discussed in *Layne* to the undisputed facts of this case, it is apparent that Humber is not entitled to habeas corpus relief. Accordingly, his habeas corpus petition will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge